IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISABEL GUADALUPE CAMPOS CUE, Executor of the Estate of ALVARO SANCHEZ JIMINEZ, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 10 C 7188 |
| v. | ) ) | |
| LEARJET INC., et al., | ) ) | |
| Defendants. | ) ) | |
| MARIA DE LOS ANGELES ESCALANTE CASTILLO, Special Administrator of the Estate of JUAN CAMILO MOURINO TERRAZO, deceased, et al., | ) ) ) ) ) | No. 10 C 7189 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| MPC PRODUCTS CORP., et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On November 4, 2010, plaintiffs filed two complaints in state court asserting claims against, among others, defendants General Electric Company, GE Aviation Systems, LLC (together the "GE Defendants"), Honeywell International Inc. ("Honeywell"), Garrett Aviation Services, LLC, d/b/a Standard Aero ("Garrett"), MPC Products Corp. d/b/a Woodward MPC Co. ("MPC"), and Woodward Governor Co. ("Woodward") for injuries arising out of an airplane

crash in Mexico on November 4, 2008.[1] On November 7, 2010 (and prior to any defendant being served), the GE Defendants removed the cases to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. Currently before the court are plaintiffs' motions to remand and motions for leave to file amended complaints in both cases. In these motions, plaintiffs ask me to remand the cases for two reasons: (1) because of the "forum defendant rule"; and/or (2) because the addition of a foreign defendant in their proposed amended complaints would destroy diversity. For the reasons given below, I grant plaintiffs' motions to amend their complaints. As a result, remand in both cases is necessary.[2]

A bit of background is necessary to understand the parties' arguments regarding amendment of the complaints. In addition to the two cases before me, there is a third case, *Bjorkstam, et al. v. Learjet, Inc., et al.*, which is pending[3] in the Circuit Court of Cook County. The *Bjorkstam* case, which also centers on the November 4, 2008 airplane crash, is apparently a bit older than the

---

[1] The court has consolidated case numbers 10 C 7188 and 10 C 7189 as both cases involve the November 4, 2008 airplane crash.

[2] Because the filing of the amended complaints mandates remand, I need not address plaintiffs' arguments based on the "forum defendant rule."

[3] The parties have indicated that the judge in *Bjorkstam* conditionally granted defendants' motion to dismiss based on *forum non conveniens*, finding that the case should be litigated in state court in Texas. According to defendants, the *Bjorkstam* plaintiffs indicated they may seek to appeal that ruling.

two cases before me, and the *Bjorkstam* plaintiffs are represented by the same counsel as the plaintiffs in the two cases before me. In *Bjorkstam*, plaintiffs sued, among others, GE and GE Aviation Systems, LLC. For a certain amount of time, GE Aviation Systems, LLC participated in the *Bjorkstam* case as a defendant, despite the fact that GE, in answering the complaint, stated that it was not sure which of its affiliates actually manufactured the allegedly defective "spoiler actuator" at issue in the case.[4] It is not clear how long the *Bjorkstam* case has gone on, but clearly long enough for the GE Defendants to answer the complaint and participate in discovery and briefing related to a motion to dismiss based on *forum non conveniens*. In a footnote in a reply brief to the motion to dismiss based on *forum non conveniens*, the GE Defendants in the *Bjorkstam* case stated that the spoiler actuator was not made by defendant GE Aviation Systems, LLC, a U.S. limited liability company, but rather by another General Electric entity, GE Aviation Systems Limited, which is incorporated in, and has its principal place of business in, the United Kingdom. This reply brief in *Bjorkstam* was filed three weeks prior to the filing of the complaints in the cases before me. The plaintiffs in the instant cases originally named GE Aviation Systems, LLC as a defendant, and now seek to file amended complaints substituting GE

---

[4] Plaintiffs in *Bjorkstam* and the two cases before me allege that a defective spoiler actuator in the aircraft was a proximate cause of the fatal airplane crash.

Aviation Systems Limited for GE Aviation Systems, LLC. Given that the plaintiffs filed their complaints exactly two years after the airplane crash, all parties recognize that the applicable two-year statute of limitations has run. All parties also agree that allowing plaintiffs to file these amended complaints would defeat diversity and mandate remand of the cases back to state court.

Turning to the arguments made in support of amendment, plaintiffs assert that: (1) substituting GE Aviation Systems Limited for GE Aviation Systems, LLC should be allowed as the correction of a "misnomer" under Illinois law; (2) even if not a misnomer, the addition of GE Aviation Systems Limited would relate back to the filing of the original complaint and thus be timely; and (3) the court-imposed requirements of 28 U.S.C. § 1447(e) are met here. Opposing any amendments as futile, defendants argue that the amendments would not merely correct a "misnomer," and should be deemed untimely as the amended complaints do not relate back to the original complaints. Finally, they argue that the requirements of § 1447(e) are not satisfied.

First, I conclude that changing "GE Aviation Systems, LLC" to "GE Aviation Systems Limited" would not merely correct a misnomer under Illinois law. Under Illinois law, "[m]isnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time. . . ." 735 ILCS 5/2-401(b). However, this rule is a "narrow one" and Illinois courts have "consistently

distinguished the misnomer rule from rules applicable to mistake in identity." *Barbour v. Fred Berglund & Sons, Inc.*, 567 N.E.2d 509, 511-12 (Ill. App. Ct. 1990). "A misnomer occurs where the plaintiff brings an action and serves summons upon the party intended to be made the defendant, thus giving actual notice of the lawsuit to the real party in interest, but the process and complaint do not refer to the person by his correct name. Mistaken identity, on the other hand, occurs when the wrong person is named and served." *Shaifer v. Folino*, 650 N.E.2d 594, 597 (Ill. App. Ct. 1995) (citations omitted). "In distinguishing cases involving mere misnomer from those involving mistaken identity, Illinois courts have consistently held that whom the plaintiff intended to sue is the pivotal inquiry." *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 234 (7th Cir. 1996). "Illinois courts have found that 'the most probative evidence of whom a plaintiff intended to sue is the party named by the plaintiff in the complaint. If such party in fact exists, but is not the real party in interest, a court can conclude that the plaintiff has mistakenly sued the wrong party.'" *Id*. (quoting *Clinton v. Avello*, 434 N.E.2d 355, 356 (Ill. App. Ct. 1982)).

Applying this guidance to the facts of these cases, there was no misnomer. Plaintiffs mistakenly sued GE Aviation Systems, LLC, believing it to be the entity that manufactured the allegedly defective part. As they now know, the actual manufacturer was

another GE entity, GE Aviation Systems Limited. Had service been completed, plaintiffs would have served GE Aviation Services, LLC, not GE Aviation Services Limited. Plaintiffs did not, as they claim, sue the correct entity just under the wrong name. Nor did they merely misspell the defendant's name. Plaintiffs, in fact, mistakenly sued the wrong corporate entity. Because GE Aviation Systems, LLC is an existing corporate entity there is no misnomer here. *See Arendt*, 99 F.3d at 234.[5]

Turning then to whether or not the amended complaints relate back to the timely-filed original complaints, I note that the Illinois and federal relation-back rules are the same. *See Springman v. AIG Marketing, Inc.*, 523 F.3d 685, 688 (7th Cir. 2008). A claim against a new party does not relate back unless the claim arises out of the same conduct, transaction, or occurrence as the act that served as the basis for the original claim. Fed. R. Civ. P. 15(c)(1)(B). Further, both rules provide that "a party may be changed if, within the deadline for service of the complaint on it, (1) the new party had received enough notice of the original suit that it would not be 'prejudiced in maintaining a defense on the merits' if it were brought into the case belatedly, and (2) it 'knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought

---

[5] The cases relied on by plaintiffs are distinguishable in that they involve plaintiffs who either sued a non-entity, or sued the real party in interest under the wrong name.

6

against' it." *Springman*, 523 F.3d at 688 (quoting 735 ILCS 5/2-616(d)(2) and Fed. R. Civ. P. 15(c)(1)(C)).

Plaintiffs argue that all of the requirements of relation back are met. In response, defendants' only argument[6] is that there was no "mistake" here, asserting that the GE Defendants "clearly and unambiguously informed" the plaintiffs that they had sued the wrong entity. Defendants overstate their position. The statement that GE Aviation Systems, LLC was not the manufacturer of the allegedly defective part was in a footnote in a reply brief in a separate case (with a different set of plaintiffs). Therefore, the GE Defendants notified the *Bjorkstam* plaintiffs, but there is no evidence that they notified the plaintiffs in the cases before me. While I acknowledge that these groups of plaintiffs had the same counsel, I do not conclude that this means that plaintiffs could not, nonetheless, have been mistaken when they included GE Aviation Systems, LLC. Defendants speculate that plaintiffs made a deliberate strategic choice to omit GE Aviation Systems Limited "to strengthen their *forum non conveniens* argument." Defs.' Resp. To Mot. to Amend at 8, n. 10. Defendants provide no explanation of this theory, and do not even identify what other forum (Texas,

---

[6] Beyond arguing that there was no mistake here, defendants failed to make any other argument with respect to relation back. In light of this, I conclude that they have waived any argument that the other requirements of relation back are lacking. *See Kramer v. Banc of America Securities, LLC*, 355 F.3d 961, 964 n.1 (7th Cir. 2004) (undeveloped arguments are waived).

7

Mexico, or somewhere else) is arguably at play here.  Given the importance of GE Aviation Systems Limited as the party responsible for the allegedly defective part which caused the airplane to crash, the most logical explanation is that plaintiffs made a mistake in naming GE Aviation Systems, LLC instead of GE Aviation Systems Limited.  The amended complaints relate back to the original complaints and thus are timely.

The parties agree that the addition of GE Aviation Services Limited, a UK company, would defeat diversity. *See Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V.*, 391 F.3d 871, 875 (7th Cir. 2004) ("[T]here is no diversity jurisdiction over a case in which there are foreign parties on both sides of the suit and a U.S. citizen on only one side.").  Thus, the final issue is whether the amendments are proper under 28 U.S.C. § 1447(e). Section 1447(e) governs amendments that would destroy diversity in a post-removal case, and provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Thus, although permitting the joinder is discretionary, once the court has done so, it must remand the case to the state court. *See Kortum v. Raffles Holdings Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002).

In *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009), the Seventh Circuit articulated a framework for determining whether post-removal joinder of a non-diverse party is appropriate. I must consider the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other equitable considerations." *Id*.

Defendants argue that the first factor - plaintiffs' motivation for joining GE Aviation Systems Limited - weighs against removal, pointing to the fact, as noted above, that three weeks before plaintiffs filed their complaints the GE Defendants stated in a footnote in a reply brief in the *Bjorkstam* case that GE Aviation Systems Limited (and not GE Aviation Systems, LLC) was the actual manufacturer of the allegedly defective part. Defendants state that plaintiffs purposely did not include GE Aviation Systems Limited as a defendant in these actions to strengthen a future *forum non conveniens* argument. In addition, defendants point to a report issued by Mexican authorities to argue that the spoiler actuator did not, in fact, cause the airplane to crash. Defendants seek to rely on the findings in this report to argue that GE Aviation Services Limited is not a proper defendant, and is only

being included in these cases to defeat this court's federal jurisdiction.

Having considered defendants' arguments, I do not see strong evidence of gamesmanship here. First, I decline to delve into the factual and legal issues raised by the Mexican report. It would be premature at this stage to engage in what is sure to be a highly disputed inquiry. Further, I find defendants' arguments concerning plaintiffs' alleged motives to be based on speculation. As I explained earlier, defendants do not explain how having an Connecticut defendant (GE Aviation Systems, LLC) over a UK defendant (GE Aviation Systems Limited) would impact a *forum non conveniens* analysis, nor do they even identify which alternate forum is at issue.

Given the importance of GE Aviation Systems Limited as the manufacturer of the allegedly defective part, the most logical explanation is that plaintiffs made a mistake in naming GE Aviation Systems, LLC instead of GE Aviation Systems Limited. When plaintiffs realized their mistake, they sought leave to file complaints[7] in both cases. Defendants have failed to convince me that plaintiffs seek to add GE Aviation Systems Limited solely to defeat federal jurisdiction.

---

[7] Technically, plaintiffs filed their amended complaints in both cases. In response to defendants' motions to strike, plaintiffs withdrew the amended complaints and instead filed motions for leave to file their amended complaints.

The timeliness of plaintiffs' requests and the issue of prejudice also favor remand. While a motion to amend coming so soon on the heels of removal might, in another case, indicate gamesmanship, that is not the case here. Citing the *Bjorkstam* case and GE Aviation Systems, LLC's participation in that case, plaintiffs have provided a credible reason for believing GE Aviation Services, LLC to be the proper defendant. There is no undue delay, as these cases are in the earliest stages. Given the fact that these cases have only recently been removed, defendants will suffer no prejudice if the court allows plaintiffs to amend the complaints and proceed in state court. No discovery has yet been taken and the court has issued no substantive rulings.

With respect to the possibility of prejudice to the plaintiffs and "other equitable considerations," I recognize that defendants have a strong interest in maintaining a federal forum. On the other hand, plaintiffs would likely be prejudiced if they are not allowed to include the party who manufactured the allegedly defective part. Defendants' interest in the federal forum, though strong, does not outweigh the prejudice to plaintiffs from failing to grant them leave to amend. Finally, allowing the amendments would reduce the risk of duplicative litigation in light of the fact that plaintiffs could sue GE Aviation Systems Limited in state court (given my relation back analysis), and judicial efficiency would also be served as remanding these cases to state court would

11

likely lead to consolidation of most, if not all, of the actions arising from this accident.

For all these reasons, plaintiffs' motions for leave to file an amended complaint are granted. Plaintiffs' motions to remand are denied as moot. Defendants' motions to strike the amended complaint are denied as moot in light of the parties' December 21, 2010 stipulations. In both cases, GE Aviation Systems, LLC is dismissed with prejudice, and GE Aviation Systems Limited is substituted in its place. Because of the addition of GE Aviation Systems Limited, I no longer have jurisdiction over these cases and remand them to state court accordingly.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 17, 2011