# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7188 | **DATE** | 4/13/2011 |
| **CASE TITLE** | Campos Cue vs. Learjet, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to reconsider (48) is denied.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

On March 17, 2011, I granted plaintiffs' motions to file amended complaints and remanded these cases to state court. Currently before me are defendants' joint motions to reconsider that decision. Those motions are denied.

"'Motions for reconsideration [under Federal Rule of Civil Procedure 59(e)] serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence.'" *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Sikora v. AFD Indus., Inc.*, 18 F. Supp. 2d 841, 844 (N.D. Ill. 1998). Nor can parties use such motions to raise arguments or present evidence that could have been raised in the original briefing. *Rothwell*, 827 F.2d at 251.

With one exception discussed below, defendants merely rehash arguments I have already considered and rejected in my original ruling. As this is not a proper basis for a motion to reconsider, I decline to revisit my earlier conclusions. The cases cited by defendants regarding imputation of knowledge are distinguishable from the instant cases in that none deal with the factual scenario present here (imputing knowledge obtained by an attorney in one case to a different set of plaintiffs in another case). With respect to the issue of "mistake" and plaintiffs' motives in seeking amendment, I reject defendants' attempt to characterize my opinion as shifting the burden from plaintiffs to defendants. The isolated phrases

defendants identified were merely comments on the strength or weakness of defendants' arguments and in no way improperly shifted the burden to defendants. With respect to defendants' suggestion that they informed plaintiffs' attorney in a sworn affidavit, an amended answer and in person that GE Aviation Systems, LLC, was not the proper party (in the *Bjorkstam* case), these assertions were not made in their original briefing. Because this information was clearly known to defendants and could have been raised in the original briefing, it is too late for defendants to raise it now. *See Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.").

There is one argument raised by defendants based on new information which has come to light since my ruling. Defendants argue that one of the other airplane crash cases in federal court in Texas will remain there, and thus could not be consolidated with these cases in Texas state court (assuming the Illinois state court dismisses these cases, as it did in *Bjorkstam v. Learjet*, due to *forum non conveniens*). This new piece of information does not alter my § 1447(e) analysis, which I decided using the framework identified by the Seventh Circuit in *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). As plaintiffs point out, even with one of the other related cases in federal court in Texas, it is likely that these two cases would join the two *Bjorkstam* cases in Texas state court.

Having reviewed all the arguments raised by defendants in this motion, I reaffirm my March 17, 2011 order. The motion to reconsider is denied.